IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00209-CMA-KLM

MATTHEW MICHAEL CIMINO

Plaintiff,

v.

SERGEANT LONG,

Defendant.

---

**MINUTE ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Default Judgment** [#17][1] (the "Motion"). No response has been filed. In his Motion, Plaintiff asks the Court to enter a default judgment against Defendant pursuant to Fed. R. Civ. P. 55. *Motio*n [#17] at 1.

"[Federal] Rule [of Civil Procedure] 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (unpublished table decision); *U.S. Commodity Futures Trading Com'n v. Trimble*, Civil Action No. 11-cv-02887-PAB-KMT, 2013 WL 317576, at *1 (D. Colo. Jan. 28, 2013). First, the party seeking a default judgment must request an entry of default from the Clerk of the Court under Fed. R. Civ. P. 55(a). *Id*. After default has been entered by the Clerk, the party may seek default judgment pursuant to Fed. R. Civ. P. 55(b). *Id*. Here, Plaintiff has not sought entry of default pursuant to Fed. R. Civ. P. 55(a).

Further, Plaintiff seems to misunderstand the procedural background of this case. As he notes, Defendant executed a waiver of service on February 4, 2014 [#9]. As the Waiver indicates, Defendant's deadline to respond to the Complaint [#1] was April 7, 2014. On April 1, 2014, Defendant sought an extension of this deadline [#18], which was granted on April 2, 2014 [#20]. Pursuant to the Court's April 2, 2014 Minute Order [#20], Defendant's deadline to respond to the Complaint was extended to May 7, 2014. On May 7, 2014, Defendant filed his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

12(b)(6) [#22] in response to the Complaint. Accordingly, even if Plaintiff followed the two-step procedure mandated by Fed. R. Civ. P. 55, default would not enter against Defendant, because the filing of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [#22] is a timely response to the Complaint. Therefore,

IT IS HEREBY **ORDERED** that the Motion [#17] is **DENIED**.

Dated: May 23, 2014